UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.J.A.,<br><br>    Plaintiff,<br>   v.<br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:20-cv-00804-SHK<br><br>OPINION AND ORDER |

  Plaintiff C.J.A.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," "Agency," or "Defendant") denying his application for disability insurance benefits ("DIB"), under Title II of the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. § 405(g), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

I.  BACKGROUND

Plaintiff filed an application for DIB on February 9, 2015, alleging disability beginning on December 29, 2013. Transcript ("Tr.") 180-81.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on August 17, 2018, ALJ Robert Lenzini determined that Plaintiff was not disabled. Tr. 21-34. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on July 15, 2019. Tr. 7-12. This appeal followed.

II.  STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing

---

[2] A certified copy of the Administrative Record was filed on November 20, 2020. Electronic Case Filing Number ("ECF No.") 19. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

2

court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps

one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB]. See 20

|   |   |
|---|---|
| 1 | C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then |
| 2 | the Commissioner must establish that there are a significant number of |
| 3 | jobs in the national economy that claimant can do. There are two ways |
| 4 | for the Commissioner to meet the burden of showing that there is other |
| 5 | work in "significant numbers" in the national economy that claimant |
| 6 | can do: (1) by the testimony of a vocational expert [("VE")], or (2) by |
| 7 | reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, |
| 8 | subpt. P, app. 2. If the Commissioner meets this burden, the claimant |
| 9 | is "not disabled" and therefore not entitled to [DIB]. See 20 C.F.R. |
| 10 | §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this |
| 11 | burden, then the claimant is "disabled" and therefore entitled to [DIB]. |
| 12 | See id. |
| 13 | Id. at 1098-99. |

### B. Summary Of ALJ's Findings

The ALJ determined that "[Plaintiff] last met the insured status requirements of the . . . Act through December 31, 2015." Tr. 23. The ALJ then found at step one, that "[Plaintiff] did not engage in [SGA] during the period from his alleged onset date of December 29, 2013 through his date last insured of December 31, 2015 (20 CFR 404.1571 et seq.)." Id. At step two, the ALJ found that "through the date last insured, [Plaintiff] had the following severe impairments: fibromyalgia; degenerative disc disease of the lumbar, cervical and thoracic spine; history of carpal tunnel syndrome bilaterally; asthmatic bronchitis; migraines; obesity (20 CFR 404.1520(c))." Tr. 24. At step three, the ALJ found that "[t]hrough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." Tr. 25.

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a). Specifically, [Plaintiff] can lift and carry, push and pull, up to 10 pounds occasionally and less than 10 pounds frequently. He can stand and/or walk for up to 2 hours in an 8-hour workday, and sit for up to 6 hours in an 8-hour workday. [Plaintiff] can occasionally operate foot controls bilaterally; frequently handle and finger with the bilateral hands; occasionally operate a motor vehicle. He can occasionally climb ramps and stairs, but never ladders, ropes or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to dust, fumes, odors and pulmonary irritants. [Plaintiff] must also avoid concentrated exposure to unprotected heights.

Id. The ALJ then found, at step four, that "[t]hrough the date last insured, [Plaintiff] was capable of performing [past relevant work ("PRW")] as described in detail below. This work did not require the performance of work-related activities precluded by [Plaintiff's] RFC (20 CFR 404.1565)." Tr. 32.

Specifically, the ALJ found that Plaintiff had PRW as a "Mental Health Counselor" as the occupation is described in the Dictionary of Occupational Titles ("DOT") at DOT 045.107-010, and that Plaintiff "is able to perform this [PRW] as actually and generally performed based on the testimony of the [VE]." Tr. 32, 34. Consequently, the ALJ concluded that Plaintiff "was not under a disability, as defined in the . . . Act, at any time from December 29, 2013, the alleged onset date, through December 31, 2015, the date last insured (20 CFR 404.1520(f))." Tr. 34.

### C. Issues Presented

In this appeal, Plaintiff raises three issues, whether the ALJ: (1) "can discard third party evidence as 'not from a medical professional and therefore not

competent'"; (2) "was required to address the limitations of Fibromyalgia and migraines"; and (3) "is excused from conducting a psychiatric evaluation because [Plaintiff] adamantly denied that he had a psychiatric medical condition' where his doctors have determined he has Conversion Disorder; Adult mental listing 12.07." ECF No. 22, Joint Stip. at 9-10.

### D.     ALJ's Decision Is Not Supported By Substantial Evidence.

Before addressing the issues raised by Plaintiff, the Court first observes the following issue that is also dispositive in this case.

#### 1.     Plaintiff's PRW As A Mental Health Counselor—As Plaintiff Performed It—Requires Lifting In Excess Of Plaintiff's RFC.

As an initial matter, the Court observes that Plaintiff's testimony about his PRW as a mental health counselor reveals that Plaintiff lifted heavier amounts of weight than Plaintiff's RFC allows.  Specifically, Plaintiff testified that his PRW as a mental health counselor was for two companies called "Hospital Shared Services" ("HSS") and "Arapahoe." Tr. 54-59.  With respect to Plaintiff's PRW at HHS, Plaintiff testified that HHS "provided security and staffing services for hospitals and various mental health agencies." Tr. 54-55.  Plaintiff added that HSS "filled staffing needs" when "places that would have staff and would call off, for whatever reason.  And they would call our . . . agency.  And . . . they would call the pool of workers, to find out if any of us were available to fill that particular opening." Tr. 55.  Plaintiff testified that while working for HHS, he "did a little security, mostly mental health services, staffing, [and] support stuff." Id.  Plaintiff added that his duties at HHS "[s]ometimes . . . involved patient transfer" that involved lifting "over 100 pounds.  If there were just four of [them] moving a patient, it was—you know, some of the heavier people, heavy, it was over 100 pounds easy." Tr. 57.

/ / /

Additionally, in response to a question by the ALJ regarding whether Plaintiff lifted more than twenty pounds when we worked at Arapahoe, Plaintiff testified that "on occasion—[he] ha[d] to restrain patients, when they were violent . . . or they had first-aid emergencies. So on occasion, yes." Tr. 59. Plaintiff added that the most he lifted at Arapahoe was "[o]ver 100 pounds, when [he] had to deal with moving a . . . person." Tr. 59.

Thus, Plaintiff's testimony reveals that Plaintiff occasionally lifted over 100 pounds at his PRW as a mental health counselor, whereas the ALJ found that Plaintiff had the RFC to "lift and carry, push and pull, up to 10 pounds occasionally and less than 10 pounds frequently." Tr. 25, 54-59. Consequently, the ALJ's step four finding that Plaintiff can perform his PRW as a mental health counselor as Plaintiff actually performed the work is not supported by substantial evidence in the record because the record reveals that Plaintiff was required to occasionally lift substantially more weight—at least ninety more pounds—at his relevant PRW than Plaintiff's RFC allows.

This error is critical here because there is no indication in the hearing testimony or the ALJ's finding of how many mental health counselor positions there are nationally available that Plaintiff can perform. Thus, the Court cannot conclude on the record before it whether work as a mental health counselor—the only occupation the ALJ found Plaintiff could perform—as the occupation is performed generally, exists in significant numbers in the national economy.

Consequently, the ALJ's conclusion that Plaintiff is not disabled is not supported by substantial evidence. As such, the Court finds that remand for further proceedings is appropriate here so that the ALJ may reconsider his step four finding in light of the above discussed evidence.

/ / /

/ / /

/ / /

8

## 2. The ALJ's RFC Did Not Properly Consider The Side Effects From Plaintiff's Migraine Medication Or Plaintiff's Documented Use Of An Assistive Device.

Turning now to the second issue raised by Plaintiff, that, in relevant part here, the ALJ did not address the limitations caused by Plaintiff's migraines, the Court agrees for the following reasons.  Specifically, although the ALJ found that Plaintiff's migraines were a severe impairment at step two, the ALJ later rejected Plaintiff's symptom statements—including those related to Plaintiff's migraines—without considering or discussing the limitations caused by the medication Plaintiff took to treat his migraines.  See Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others).  The record, however, indicates that Plaintiff's migraines were frequent and that the side effects caused by Plaintiff's migraine medication were severe.

Specifically, Plaintiff testified at the administrative hearing that he gets migraine headaches "several times a week" that "last the better part of a day."  Tr. 78-79.  Plaintiff also testified that his migraine medication causes a feeling like "being hung over from [taking] it" and that Plaintiff is "pretty much useless for the rest of the day" after taking his migraine medication.  Tr. 79.  Plaintiff added that if he has a "more severe [migraine], where [he] ha[s] to go to urgent care or the ER, . . . what they give [him] to knock out that migraine, [he is] basically done for the day anyways."  Id.  Plaintiff also added that he has "to go and lay down anyways [b]ecause what they give [him] is strong enough that [he] basically—even if [he] could drive, [he] would be, you know, kind of wee, you know, from it—is the best way to describe it" "[b]ecause [he is] just kind of out of it afterwards from what they give [him]."  Tr. 79-80.

Plaintiff's medical records also indicate that Plaintiff had side effects from his migraine medication.  See, e.g., Tr. 1168 (Plaintiff's doctor noting that Plaintiff

"with increasing frequency of migraines" and "[n]ow has a migraine most days of the week" and was "[r]ecently discontinued off of Topamax 2/2 side effects.").

      Consequently, the Court finds that the ALJ's failure to consider the limitations caused by the side effects of Plaintiff's migraine medications was harmful error because the evidence not considered by the ALJ suggests that Plaintiff was likely unable to work when he was "wee," "out of it," or "pretty much useless for the rest of the day" after taking his migraine medications, one of which, Plaintiff's doctor discontinued due to the "2/2" side effects it caused. Tr. 78-80, 1168. As such, the ALJ shall consider and discuss this evidence on remand as well.

      Before concluding, the Court observes one final issue that must be addressed on remand. The ALJ's RFC and step four findings are erroneous because they do not account for all the functional limitations described in Plaintiff's testimony and the medical records. Specifically, evidence in the record suggests that Plaintiff used an assistive device during the relevant time period that, pursuant to the VE's testimony, would preclude Plaintiff from maintaining substantial gainful employment.

      For example, Plaintiff testified at the hearing that he was prescribed a cane by his primary doctor in September 2015 for "issues with balance and coordination" and that an urgent care doctor later prescribed Plaintiff a walker. Tr. 72-73. Plaintiff's medical records corroborate Plaintiff's use of a cane and walker during the relevant time period. See, e.g., Tr. 1159, 1168, 1171, 1173, 1174, 1202 (Plaintiff's treatment providers documenting Plaintiff's use of a cane); see also Tr. 1174, 1202, 1210, 1212 (Plaintiff's treatment providers documenting Plaintiff's use of a walker).

      Although the ALJ noted Plaintiff's documented use of a cane and walker during the relevant time period in the decision, see Tr. 28, 29, and ultimately found Plaintiff's symptom statements not credible, see Tr. 27, 32, the ALJ never

specifically found that Plaintiff's stated need for a cane and walker was not credible, nor did the ALJ address how the many notations in Plaintiff's medical records that Plaintiff consistently relied on such assistive devices, a sample of which are cited above, did not support Plaintiff's stated need for a cane or walker.

Consequently, it is unclear why Plaintiff's documented need for, and use of, a cane and walker was not included in Plaintiff's RFC assessment and, therefore, also the hypothetical question the ALJ posed to the VE at the administrative hearing.  See Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017) (When a claimant has medically documented impairments that "might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ must give 'specific, clear, and convincing reasons for rejecting' the testimony by identifying 'which testimony [the ALJ] found not credible' and explaining 'which evidence contradicted that testimony.'") (emphasis in original) (quoting Brown-Hunter v. Colvin, 806 F.3d 487, 489, 494 (9th Cir. 2015)); see also Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) ("This is not an easy requirement to meet: 'the clear and convincing standard is the most demanding required in Social Security cases.'") (quoting Moore v. Comm'r Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)).

The RFC is the maximum a claimant can do despite his limitations.  20 C.F.R. § 404.1545.  In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate all of the relevant medical and other evidence, including the claimant's testimony.  Social Security Regulation ("SSR") 96-8p, available at 1996 WL 374184.  The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC.  Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008).  Only limitations supported by substantial evidence must be incorporated into the RFC

and, by extension, the dispositive hypothetical question posed to the Vocational Expert. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

The ALJ's failure to include Plaintiff's need for a cane and walker in Plaintiff's RFC was particularly harmful here because when question by Plaintiff's counsel whether someone with Plaintiff's RFC who required the use of a walker could perform Plaintiff' PRW, the VE opined that such a person could not. See Tr. 84 (the VE opining that the use of a walker is "considered an accommodation in the workplace, and that eliminates all jobs.").

Accordingly, the ALJ's failure to include Plaintiff's documented need for an assistive device in the RFC and resulting hypothetical question posed to the VE at the administrative hearing was harmful error and undercuts the ALJ's step four finding that relies on the VE's response to the ALJ's incomplete hypothetical question. See Osenbrock, 240 F.3d at 1165 ("An ALJ must propound a hypothetical to a VE that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations."). On remand, the ALJ shall consider the aforementioned evidence relating to Plaintiff's need for a cane and walker and discuss whether Plaintiff's need for these assistive devices precludes Plaintiff from substantial gainful employment.

Because the Court remands as to the aforementioned issues, it does not address Plaintiff's remaining assignments of error.

## IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison, 759 F.3d at 1009 (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of

the Commissioner . . . , with or without remanding the cause for a rehearing.")
(citation and internal quotation marks omitted).

    IT IS SO ORDERED.

DATED: 04/15/2021

_____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

13